# Cristman v. The Everite Pump and Manufacturing Co., Inc., Appellant.

Argued December 5, 1940. Before SCHAFFER, C. J., MAXEY, DREW, LINN, STERN and PATTERSON, JJ.

*S. R. Zimmerman*, of *Zimmerman, Myers & Kready*, with him *Harris C. Arnold*, of *Arnold & Bricker*, for appellant.

*F. Lyman Windolph,* with him *Paul A. Mueller,* of *Windolph & Mueller,* for appellee.

PER CURIAM, January 6, 1941:

Defendant appeals from judgment on a verdict, as reduced by remittitur, in a suit by a workman to recover a balance due for wages over a period of years, first at the rate of $51.00 per week and later at the rate of $50.00, for a term at will. The defense was that plaintiff received sums less than the weekly rate, as payment in full, and that part of the claim was barred by limitation; $50.00 was admitted to be due and unpaid at the time of plaintiff's discharge in 1939. While it is true that employment at will may be modified by reduction in wages, the question may be, as it was in this case, whether the wage rate was reduced or whether the payment made was intended, not as a reduction, but on account of the rate that had been agreed to. Liability depended on facts to be found by the jury from the contradictory testimony. There was evidence to support the finding, implied in the verdict, that plaintiff's account of the transaction was the true one; that he protested against receiving, in full of account, the amounts paid and that the payments were not intended to be in full. The evidence was submitted in a charge to which no reversible error has been assigned. The opinion filed by the learned trial judge in refusing defendant's motions for judgment n. o. v. and for a new trial show a careful review of defendant's contentions. We have reviewed the record in the light of the arguments presented.

Judgment affirmed.